Davis, J.,
dissenting:
The general rule Avhich is so clearly stated in the majority opiMon is incontrovertible. There is an exception to it, however, which is equally Avell recognized. It is thus formulated in 1 Am. & Eng. Ency. Law, 2nd ed., 590: “It has long been conceded that where a contract is entered into, of a continuing character, or to be performed at a future time, dependent upon the continued existence of a particular person or *526 thing, or the continuing ability of the obligor to perform, subsequent death, destruction, or disability will excuse the obligor from compliance with the terms of the contract.”
■ It seems to me that the construction put upon the terms of this contract is forced and unwarranted by the language of the agreement. These are the words of the contract: “Said James B. Townsend further agrees within said time, to remove the present school house, * * * and rebuild and reconstruct the said building, so that it will be in suitable and proper condition for school purposesTownsend does not agree here to build a new school house. He only agrees to remove the present school house. He does, not agree to remove the materials when it ceases to be a school house, and to rebuild and reconstruct the building from these materials. He agrees to remove the present school house, and to rebuild and reconstruct the said building, that is, the present building,, so that it, that is the present building, will be in suitable and proper condition for school purposes. “Rebuild” does not always mean to build anew. It has a very common secondary meaning, for example, “2. To make extensive repairs and alterations in.” Standard Dictionary. From these considerations it appears to me to be the clearly expressed intention of the parties to this agreement that Townsend should remove the school house to its new site and put it, the-identical school house, “in suitable and proper condition for school purposes.” That is the natural and obvious import of their language. If Townsend’s contract obligation was to build a new school house, why should he be required to put it in suitable and proper-condition for school purposes? The condition is implied in the obligation itself.
*527 The argument that the railroad company has the plaintiff’s land without having given all of the agreed consideration therefor, has little weight with me. It is based on an assumption of the very thing in dispute here, namely, that ToAvnsend agreed to re-erect the school house, and not merely to remove it and put it in condition for school purposes. If he did not agree to rebuild the structure, in case it was destroyed by the act of God, then the argument of the majority falls to the ground; for the plaintiffs have already received all of the consideration which he was to give in the exchange of property in such case. Other objections might be urged against the reasoning of the majority; but no good purpose would be served by extending the discussion.
In my opinion, when the tornado destroyed the school house, Townsend was released from the obligation to remove that building and to put it in suitable and proper condition for school purposes; and therefore I maintain that the judgment of the circuit court ought to be affirmed.